ALMB 6v2 (5/21/2024)

# United States Bankruptcy Court
# Middle District of Alabama

IN RE:
**Alexis Huffman**
                Debtor(s).                              CASE NO.

Date **June 12, 2024**
## CHAPTER 13 PLAN
☐ **Check If Amended Plan**
Amended Plan
☐ Check if Proposed Modification to Plan After Confirmation

**1.**    **NOTICES**

   **To Debtors:**
   **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Local Rules of the United States Bankruptcy Court for the Middle District of Alabama and applicable judicial rulings may not be confirmable.**

   **To Creditors:**
   **YOUR RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this and other documents sent to you carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.

   **TO FILE AN OBJECTION TO CONFIRMATION.** If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an Objection to Confirmation at least seven (7) days prior to the date fixed for the hearing on confirmation and must state with particularity the grounds for the objection. See Fed. R. Bankr. P. 3015.

   **PROOFS OF CLAIM.** Creditors **must** file a timely proof of claim to be paid under this plan. Confirmation of this plan does not bar the Debtor(s), Trustee, or a party in interest from objecting to a claim. Confirmation of this plan does not constitute the allowance or disallowance of the amount of the creditor's claim but does control how the claim will be paid under the plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this plan.

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim which may result in a partial payment or no payment at all to the secured creditor, set out in paragraph 5.1. If the Included box is checked, the plan must be served on the affected creditor. Rule 3012, F.R. Bankr. P. | ☑ Included | ☐ Not Included |
| 1.2 | All lien avoidance shall be via motion pursuant to M.D. Ala. LBR 9007-1 using Local Form 9. | ☑ Not Included | |
| 1.3 | Nonstandard provisions, set out in paragraph 16. | ☑ Included | ☐ Not Included |

**2.**    **PAYMENT AND LENGTH OF PLAN**

   Debtor(s) will make regular payments to the Chapter 13 Trustee as follows
    **$294.00**   **Bi-Weekly**   for **58** months beginning ___

The length of the plan is **58** months. Other payment provisions:

**3.**    **FILING FEES**

   **The filing fee as prescribed by Local Rule 1006-1 shall be paid as follows:**

      ☐    Filing fee paid in full directly to the clerk of court with the petition.

      ☑    Filing fee is being paid in installments pursuant to M.D. Ala., LBR 1006-1 through this plan as follows

            Total filing fee:    **$313.00**
            Initial installment paid with filing of petition:    **0.00**
            Remaining balance to be paid through the chapter 13 plan:    **$313.00**

**4.**    **ATTORNEY'S FEES FOR DEBTOR'S BANKRUPTCY COUNSEL**

ALMB 6v2 (5/21/2024)

**The following attorney's fees shall be paid through the debtor's plan payments:**

| | |
|---|---:|
| Total attorney fee: | **$4,500.00** |
| Amount paid by the debtor directly to attorney prior to filing: | **$0.00** |
| Net attorney fee being paid through the chapter 13 plan disbursements: | **$4,500.00** |

5. **SECURED CLAIMS**

    **5.1 SECURED CLAIMS PAID THROUGH THE TRUSTEE WHERE PLAN LIMITS VALUE OF COLLATERAL**

    ☐ None.

    The remainder of this paragraph will be effective only if the applicable box in paragraph 1.1 is checked.

    The Debtor(s) request(s) that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor(s) state(s) that the value of the secured claim should be as set out in the column headed "Collateral Value." The portion of any allowed claim that exceeds the value of the claim will be treated as an unsecured claim under Section 15 of this plan. If the amount of a creditor's claim listed below is listed as having no secured value, the creditor's claim will be treated in its entirety as an unsecured claim under Section 15 of this plan. Pursuant to 11 U.S.C. § 1322(b)(2), claims being paid under this section of the plan will be modified.

    For secured claims of governmental units, unless otherwise ordered by the Court, the value of a secured claim listed in a proof of claim filed in accordance with the Federal Rules of Bankruptcy Procedure controls over any contrary amounts listed below.

    For each listed claim, the secured value of the claim will be paid with interest at the rate stated below.

    The Debtor(s) propose(s) that the Trustee make adequate protection payments prior to the confirmation of this plan, pursuant to 11 U.S.C. § 1326(a)(1), to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to 11 U.S.C. § 1326(a)(1) adequate protection payments will receive pre-confirmation payments from the Trustee. The Trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Preconfirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan, all secured creditors will receive adequate protection payments as set out below concurrently with the payment of attorney's fees. After the attorney's fees have been paid in full, the creditor's claim shall be paid its specified monthly plan payments on the terms and conditions listed below unless otherwise ordered by the Court.

    The holder of any claim listed below as having value in the column headed "Collateral Value" will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
    a) Payment of the underlying debt determined under nonbankruptcy law, or
    b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

    | Creditor | Collateral Description | Amount of Debt | Collateral Value | Interest Rate | 11 USC § 1326 PMSI Adeq Prot? Yes/No | Adequate Protection Payment | Specified Monthly Payment |
    |---|---|---|---|---|---|---|---|
    | **Bay Credit Union** | Sorento Kia 2021 69,000+ miles | $23,586.67 | $25,373.00 | 8.00% | Yes | $185.00 | $587.00 |

    **5.2 SECURED CLAIMS PAID THROUGH THE TRUSTEE WHERE VALUE IS NOT MODIFIED**
    ☑ None.

    The claims listed below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year (365 days) of the petition date and secured by a purchase money security interest in some other thing of value. These claims will be paid in full under the plan with interest at the rate stated below, will not be affected by 11 U.S.C. § 506, and, unless otherwise ordered by the Court, will be paid in full pursuant to 11 U.S.C. §1325(a)(5). Unless otherwise ordered by the Court, the claim amount stated on the creditor's proof of claim filed before the filing deadline under Fed. R. Bankr. P. 3002(c) controls over any contrary amounts listed below.

    The Debtor(s) propose(s) to pay adequate protection payments prior to the confirmation of this plan pursuant to 11 U.S.C. § 1326(a) (1) to the following creditors holding a purchase money security interest in personal property through the payments

ALMB 6v2 (5/21/2024)

made to the Trustee pursuant to the plan. The Trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan, all secured creditors will receive adequate protection payments as set out below concurrently with the payment of attorney's fees. After the attorney's fees have been paid in full, the creditor's claim shall be paid its specified monthly plan payments on the terms and conditions listed below as required under 11 U.S.C. § 1325(a)(5).

The holder of any claim listed below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
(a) Payment of the underlying debt determined under nonbankruptcy law, or
(b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Interest Rate | § 1326 PMSI Adeq Prot? Yes/No | Adeq Prot Pymt | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|

6. **DIRECT PAYMENT**
   ✓ None. If none is checked, the remainder of Section 6 does not need to be completed.

The following secured creditors or holders of long-term debts will be paid directly by the Debtor(s) or Co-Debtor to the creditor. The Debtor(s) (or Co-Debtor) shall make all pre-confirmation adequate protection payments under 11 U.S.C. § 1326 directly to the following creditors pursuant to the terms of the contract with the creditor. The Debtor(s) (or Co-Debtor) shall continue to make all payments to the creditor directly pursuant to the terms of the contract following the confirmation of this plan.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Date Payment to Resume | Direct Payment Amount |
|---|---|---|---|---|---|

7. **LONG-TERM DEBTS MAINTAINED THROUGH PLAN**
   ✓ None. If none is checked, the remainder of Section 7 does not need to be completed.

The Debtor(s) propose(s) that the Trustee maintain the following long-term debts through this plan. The Trustee shall make adequate protection payments prior to confirmation of this plan pursuant to the terms of the contract, to all of the following long-term creditors indicated below. The Trustee shall commence making such payments to creditors holding allowed secured claims consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all payments. Upon confirmation of this plan, said long-term creditors will receive payments as set out below concurrently with the payment of the attorney's fees. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Fed. R. Bankr. P. 3002(c) control over any contrary amounts listed below as to the current installment payment. In the absence of a contrary timely filed claim, the amounts stated below are controlling. Pursuant to Fed. R. Bankr. P. 3002.1(b)(1), if the secured debt being maintained through this plan is secured by the principal residence of the Debtor(s), and the creditor files a notice of mortgage payment change, the payment to the creditor pursuant to the plan will change to the amount provided by the notice unless otherwise ordered by the Court.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Monthly Payment |
|---|---|---|---|---|

8. **CURING DEFAULTS ON LONG-TERM DEBTS**
   ✓ None. If none is checked, the remainder of Section 8 does not need to be completed.

Pursuant to 11 U.S.C. § 1322(b)(5) the Debtor(s) shall cure defaults with respect to the creditors indicated below. Trustee shall pay the allowed claims for arrearages at 100% through this plan. Unless otherwise ordered by the Court, the amount of default to be cured under this provision shall be the amount of the allowed claim filed by the creditor. The "amount of arrearage" listed herein in no way shall limit what the Trustee shall distribute to said creditor under this plan to cure the default.

| Creditor | Collateral Description | Amount of Arrearage | Interest Rate | Monthly Payment |
|---|---|---|---|---|

9. **SURRENDERED PROPERTY**
   ✓ None. If none is checked, the remainder of Section 9 does not need to be completed.

Debtor(s) elect(s) to surrender the following collateral. Upon confirmation, the automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated as to the property to be surrendered and in personam as to any codebtor(s) with respect to these creditors. Any claim filed as a secured claim by the creditor will receive no distribution under this plan until an amended

ALMB 6v2 (5/21/2024)

unsecured proof of claim is filed by such creditor reflecting any deficiency balance remaining following surrender, if appropriate. Any allowed deficiency claim will be treated as an unsecured claim under Section 15 of the plan below.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral |
|---|---|---|---|

**10.** **Domestic Support Obligations**

☑ None. If none is checked, the remainder of Section 10 does not need to be completed.

The Debtor(s) propose(s) that the prepetition domestic support obligation arrearage claims indicated below shall be paid in full through this plan pursuant to 11 U.S.C. § 507(a)(1) unless the claimant agrees to some other treatment or the Court orders otherwise. The Debtor(s) shall directly pay all ongoing domestic support obligations that become due after filing of the petition.

| Claimant | Amount of Debt | Amount of Debt to be paid through plan | Interest Rate | Monthly Payment | Direct Payment |
|---|---|---|---|---|---|

**11.** **PRIORITY CLAIMS (Excluding Domestic Support Obligations)**

☑ None. If none is checked, the remainder of Section 11 does not need to be completed.

The Debtor(s) will pay the following priority claims pursuant to 11 U.S.C. § 507 unless the claimant expressly agrees to some other treatment or the Court orders otherwise.

| Claimant | Amount of Debt | Amount of Debt to be paid through plan | Interest Rate | Monthly Payment |
|---|---|---|---|---|

**12.** **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

☑ None. If none is checked, the remainder of Section 12 does not need to be completed.

**12.1 EXECUTORY CONTRACTS AND UNEXPIRED LEASES REJECTED BY DEBTOR(S)**

☑ None. If none is checked, the remainder of Section 12.1 does not need to be completed.

Upon confirmation, the automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated as to the property subject to the lease(s) or contract(s) and in personam as to any codebtor(s) with respect to these counterparties and/or lessors.

| Creditor | Nature of Unexpired Lease or Executory Contract |
|---|---|

**12.2 EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED BY DEBTOR(S)**

☑ None. If none is checked, the remainder of Section 12.2 does not need to be completed.

**12.2(a) Executory Contracts and Unexpired Leases Assumed by Debtors(s)**

☑ None. If none is checked, the remainder of Section 12.2(a) does not need to be completed.

For all executory contracts or unexpired leases being assumed by the Debtor(s) pursuant to this plan, the Debtor(s) shall make all pre-confirmation 11 U.S.C. § 1326 adequate protection payments directly to the creditors pursuant to the terms of the contract unless the plan provides for the disbursement of the ongoing lease payments through the Trustee. The adequate protection payment under 11 U.S.C. § 1326 is equal to the monthly payment under the terms of the lease or contract. For all contracts assumed, the Debtor(s) shall continue to make all payments directly to the creditor pursuant to the terms of the contract following confirmation unless the plan provides for the payment of the ongoing lease or contract payment through the Trustee.

| Creditor | Name of Lease or Contract | Monthly Payment | Payment Direct by Debtor or Through Trustee Plan Payment |
|---|---|---|---|

**12.2(b) Curing Defaults on Executory Contracts and Unexpired Leases**

☑ None. If none is checked, the remainder of Section 12.2(b) does not need to be completed.

Pursuant to 11 U.S.C. § 1322(b)(5), the Debtor(s) shall cure defaults with respect to any arrearage owed to the creditors whose unexpired leases or executory contracts were assumed in Section 12 above. The Debtor(s) shall pay the allowed claims for arrearages through this plan. Unless otherwise ordered by the Court, the amount of default to be cured under this provision shall be the amount of the allowed claim filed by the creditor. The "amount of arrearage" listed herein will in now way limit what the Trustee shall distribute to said creditor under this plan to cure the default.

ALMB 6v2 (5/21/2024)

| Creditor | Name of Lease or Contract | Amount of Arrearage | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| | | | | |

**13. SPECIALLY CLASSIFIED UNSECURED CLAIMS**
☑ None. If none is checked, the remainder of Section 13 does not need to be completed.

The following claims shall be paid as specially classified unsecured claims and shall receive the following designated treatment:

| Creditor | Amount of Debt | Amount of Debt to be Specially Classified | Interest Rate | Specified Monthly Payment |
|---|---|---|---|---|
| | | | | |

**14. UNSECURED CLAIMS**
Allowed non-priority unsecured claims and the unsecured portion of claims allowed and described under Section 5 of this plan that are not separately and specially classified will be paid as follows:
☑ Percentage Plan: Allowed non-priority unsecured claims shall be paid through the distribution of plan payments at a rate of **0.00**%

If the proposed dividend to unsecured creditors is less than 100%, the Debtor(s) propose(s) to pay to the Trustee all projected disposable income for the applicable commitment period for the benefit of unsecured creditors as required by 11 U.S.C. §1325(b).

**15. PROPERTY OF THE ESTATE - VESTING**

Vesting of Property of the Estate
☑ Property of the estate shall remain property of the estate subsequent to confirmation of this plan.

All property of the estate, whether it remains in the estate or revests with the Debtor(s) upon confirmation of the plan, shall remain in the possession and control of the Debtor(s). The Debtor(s) shall have use of property, subject to the requirements of 11 U.S.C. § 363.

**16. NONSTANDARD PROVISIONS**

☐ None.
Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in Local Form 5 or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

The following plan provisions will be effective only if "Included" is selected in paragraph 1.3.

**IF THE DEBTOR BECOMES ENTITLED TO RECEIVE PROCEEDS FROM ANY CAUSE OF ACTION DURING THE PENDENCY OF THIS CASE, THE DEBTOR WILL PAY THOSE PROCEEDS, LESS ANY AVAILABLE EXEMPTIONS, TO THE CHAPTER 13 TRUSTEE**

**17. SIGNATURES OF DEBTOR AND DEBTOR'S ATTORNEY**
If the Debtor(s) do/does not have an attorney, the Debtor(s) must sign below; otherwise, the signature(s) of the Debtor(s) is/are optional. The attorney for the Debtor(s), if any, must sign below.

**/s/ Alexis Huffman**
**Alexis Huffman**
Signature of Debtor

Signature of Joint Debtor

Executed on **June 12, 2024**

Executed on

**/s/ Michael D. Brock**
**Michael D. Brock BRO152**
Signature of Attorney for Debtor(s)

Executed on **June 12, 2024**